Good morning, Counsel. Good morning, Your Honors. May it please the Court. Please proceed. I represent Mr. Chacon-Morales and this case regards stipulations made by the Department of Homeland Security in an immigration case. The main legal errors in this case were the decision to permit the Department to withdraw its stipulations of fact and to grant its motion to reconsider. And there are really two reasons why this was an error and two bases on which the motion to reconsider was brought. The first was the claim that Mr. Chacon-Morales had the burden of proving that he was criminally eligible for cancellation of removal for non-permanent residents. And so that is a true fact, although that was true when the Department entered into the stipulation. And... Counsel, could you point out to me the stipulation? Yes, Your Honor. I know that the Court said there was a stipulation and there was no objection to what the Court said. Are you claiming that that is a judicial admission that a stipulation existed? Or are you claiming that there was an actual stipulation entered into in an offer and acceptance sense of the making of a contract? Your Honor, I would say that it was a judicial admission, yes. Judicial admission usually is as to a legal matter, not a factual matter. The stipulation is a factual issue. So I don't know if a judicial admission will get you there. With respect, judicial admissions are often made to facts, in fact, in immigration proceedings. The immigrant will often admit to various facts supporting the... So your position is that there was a judicial admission that a stipulation existed? Yes. Okay. Got you. Right. Okay. And so what the stipulation did in this case is it withdrew the fact of the criminal eligibility, including the restraining order, from issue between the two parties. And it was as if Mr. Chacon Morales had proven that fact. Now, the Department argued that matter of abshotco was an intervening new legal rule that justified, A, granting the motion to reopen and, B, allowing the Department to withdraw its stipulation as to the sufficiency of the proof. There are two problems with that grounds for the motion to reopen. The first is that matter of abshotco itself says that it's not creating a new legal rule and that it's merely interpreting and clarifying the law that has already existed. And that's important because if you're interpreting a rule or making a new rule with respect to the immigration consequences of a criminal offense, it can't be applied retroactively to people who were convicted of the offense prior to the existence of the new rule. And so in the paragraph of abshotco where the court is talking about the fact that it clarifies the law instead of making new law, it states that the rule will be applied to the respondent in that case and in all further cases with respect to restraining orders. The second problem is materiality. And these are somewhat overlapped to a degree because if the rule were a new rule and created new law, then it could not be applied retroactively to Mr. Chacon Morales and is therefore not material. But setting that sort of overlap between the two issues aside, matter of abshotco really was about the evidence that could be considered by the court in deciding whether a restraining order was disqualifying for various affirmative reliefs or in establishing removability. And the problem is that the department was not able to identify any evidence in the record or provide evidence itself that would show how this new evidence that's permitted by the case is material to Mr. Chacon Morales' case. Well, didn't he violate a stay-away order from his wife's place by going there and going in the back door at 3 o'clock in the morning? Yes, Your Honor, but that doesn't necessarily disqualify him from cancellation or removal. It depends on the legal circumstances under which the restraining order was issued. And there's a... Could a reasonable person find that that was harassment of his former wife? I think so. It depends on if she were there at the time, I believe. And a court would have to make that finding. And there is no evidence in the record that shows that the court in this case made a finding that Mr. Chacon Morales violated a protective order that was intended to protect against harassment, threats, and bodily injury. And so Matter of Upshawco really... And really, the important thing to focus on in this case is the role that Matter of Upshawco plays and that it means you can bring in other documents, you know, beyond the record of conviction. But there is no evidence like that in this case. Whose burden is it to bring in that kind of evidence? So normally, it would be Mr. Chacon Morales. But when you're bringing a motion to reopen or reconsider, you have the burden of establishing that this case is material. And it has to be supported by evidence showing the materiality of the intervening law. And so certainly, the burden of proof is material. But that burden of proof was on Mr. Chacon Morales both before and after the board's decision in Upshawco. And certainly, it became material once it was used to withdraw the department's admissions and stipulations that that violation of restraining order was not an issue of fact. But you have to look at the materiality before the withdrawal of the admission because that case is being used as a justification for the department to withdraw its stipulation. I just want to make sure I understand your argument correctly. You're saying Upshawco, in theory, could have said the government's allowed to introduce or consider additional evidence, but essentially, no additional evidence was considered. Right. Not only was no evidence, you know, attached to the motion to reconsider, it also didn't point to any evidence in the record and say, this is a piece of evidence that could not be considered before Upshawco, but is now relevant to the analysis of whether the restraining order disqualifies Mr. Chacon Morales from cancellation of removal. Okay, I understand you. And that's really what distinguishes this case from other cases that have reopened with an intervening law. For example, the government cited Theogene, and in that case, the new intervening precedents directly applied to the evidence in the case. So there was this direct connection between specific evidence that was submitted by the immigrant in that case and the legal authority. And while the evidence was sufficient before, it became insufficient after that case was decided. So that case is fully distinguishable by the materiality of the intervening precedent. And in this case, the intervening, although there was a new case, there's never been a material to Mr. Chacon Morales' case. But wasn't there a showing that the intervening authority broadened the scope of evidence that the IJ could consider? Why wasn't that enough to support the motion to reconsider? Because there was no, in fact, evidence that wasn't relevant to the case before and that became relevant after. And that was really the department's burden to show that in being the proponent of the motion to reconsider. They had the burden of showing materiality. And so what that would either require is them having an evidence that, you know, can come in now and explaining that, or pointing to something in the administrative record and saying, this was irrelevant to the analysis before Abshako, but is relevant now. And the department was unable to do that. After the consideration was granted, was the decision based on any evidence that was not in the record before? Well, no. And, in fact, the court found, the immigration court found, without any reference to the record, that it was based on an Oregon Family Abuse Prevention Act case. And that was an error because there wasn't anything in the administrative record that shows that it was issued under the Family Abuse Prevention Act. But does the motion to reconsider have to have new evidence? No, but it has to show the materiality of intervening precedence. And so in this case... Well, the materiality of intervening precedent does not require the introduction of new evidence, does it? No, but they wouldn't have required new evidence if they could point to evidence in the record and say, this case is material to that evidence that was already submitted. So, for example, they could say, you know, there's a police report that was in the record that the immigration court was barred from considering before, but now, after UBSHOTCO, they can consider it. But they weren't able to do that because either no such evidence exists or it's not in the record. But wasn't it a legal matter because before... Because it was Shaquan's burden to submit the evidence, right? It was always his burden. And if there was no evidence in the record under the previous law, that was held in favor of the non-citizen. But afterwards, that would not be the case. So I don't understand why you say it's not material because it's a different legal analysis. Right. But those are two separate issues. So the burden of proof both before and after UBSHOTCO was on the respondent to prove that he was not criminally disqualified. Right. It was beyond Shaquan. Yeah, that's correct. And he did that through his stipulation with the Department of Homeland Security. Well, if we say there was no stipulation... Right. If we say there was no stipulation... Right. ...then the burden was on Shaquan and that would have been met by the lack of evidence, right? Well, yeah, but that's true both before and after. Let's say there was no stipulation. Both before and after UBSHOTCO, the evidence in the record was unclear. And so he would have failed to prove that he was eligible for cancellation of removal. And that's why UBSHOTCO is not material and it's because the evidence was deficient both before and after without the stipulation. But there was a stipulation. But there was a stipulation, which would drew that as a material issue of fact in the case. Thank you. I'd like to reserve the remaining of my time for rebuttal. Thank you. All right. Let's hear from the government. Good morning, Your Honors. May it please the Court. Andrew Nsinga on behalf of the Attorney General, Merrick Ireland. Nordinarily, I'd start by discussing legal matters, but largely petitioner's argument ignores the factual record in this case. In August of 2000, petitioner was convicted for kicking his pregnant wife in the stomach. He was given a restraining order. In October of 2002, he again assaulted his wife and again was given a restraining order. 23 months later, in September of 2004, he broke into her home and assaulted her. Counsel, just to cut to the chase, the government was aware of all of this at the time of the first hearing when it said the only issue was whether he could prove hardship. Correct? That's an inaccurate statement of what DHS said, Your Honor. DHS did not say ever that the only issue it wanted to adjudicate was the hardship issue. Period. Counsel has provided now two briefs and responded to Judge Baez's questions asking, where is the stipulation? We have an administrative record. You have the ALJ saying there was a stipulation. You have the BIA saying there was a stipulation. Can you point to anywhere where you said, no, we never stipulated that to the agency? Well, these are two separate issues, Your Honor. This is about equitable estoppel in which the court has to find affirmative misconduct. Well, we're dealing with the initial question of whether there was abuse of discretion to grant the motion to reconsider and withdraw the stipulation. So now you're saying there was no stipulation, but when did you argue that to the agency? When the ALJ said in its opinion that there was a stipulation, did you question that? The Justice Department does not argue these cases before the Justice Department. That's Department of Homeland Security's prerogative. In its motion and in its reply, it never said or never conceded that it had made any stipulation. But again, this is largely a red herring. It doesn't matter. If the court says the parties have stipulated that petitioner's conviction for contempt of violation of restraining order was not a disqualifying crime under the categorical analysis and was therefore not an issue in contention, and the government says nothing or says yes, isn't that a finding of the stipulation existed? Well, no, Your Honor, because the immigration judge never said. DHS stipulated, therefore, the petitioner met the burden to show that he does not have a criminal offense. And again, a lot of this is also answered by looking what the actual motion to reconsider requires. This is not, as petitioner repeatedly has said, a motion to reopen. This is a motion to reconsider. And the standards of that are, did the immigration judge overlook relevant law? And for that, we have to look at the chronology of this case. In January of 2017, that was the final hearing in the prior process. So at that point, OBSHOTCO had not been decided. So DHS couldn't have stipulated under it, even if it had stipulated. At that point, the categorical approach applied. But applying even all the precedent under the categorical approach, you have SALZI, where this court, dealing with the same type of restraining order, applied the modified categorical approach and found that it was disqualifying. And under all the same reasoning as SALZI and precedent, the government could have made the same exact argument and made none of those arguments to the ALJ and just said, it's not an issue. So how could the ALJ have overlooked law in its original decision that was on an issue that the government never even argued was in play? Your Honor, the government doesn't, the Department of Homeland Security emphasizes, does not bear the burden of proof. Now, Petitioner insists that's always been the case. But why would DHS is obligated to argue something? It's essentially saying that a defendant in a criminal process must argue something lest they lose. That's just not how this legal process works. And the extent there was ongoing confusion about the categorical issue. This court, en banc, in 2019 decided that an ambiguous record meant that the applicant met their burden of proof. So this suggests that this is just a set issue. That's wrong. This court's well aware of that, given that this court had an en banc decision in 2019 that found that the applicant met that burden with an ambiguous record. That's dumb. Pareto rejected that argument completely. Now, Petitioner continues to press the concept that this record is ambiguous. We don't need to go any further. If the record's ambiguous, he never should have won and he never did win. He is not eligible. And if the record doesn't contain as much evidence as he believes is necessary, he bore the burden to submit it. He bore the burden to prove that he was not convicted of a restraining order when he broke into his wife's house and assaulted her in 2004. Why didn't the government make any of these arguments in the first hearing? As you just said, these applied throughout his case. So why didn't the government make any of those arguments in the first hearing? Why didn't it instead say, this is not an issue? And why isn't that binding? Your Honor, the Department of Homeland Security did not say it is not an issue. Period. Or back then to the ALJ saying it's not an issue and the government acquiescing. The government certainly didn't make any argument in the first hearing. Why isn't the government making any argument on this issue? The Department of Homeland Security is not obligated to make an argument when petitioner bore the burden of proof. Now again, petitioner keeps insisting, well that's always been the case. But the government didn't even say the petitioner failed to meet their burden of proof. It doesn't have to say anything. Again, a defendant in a criminal case doesn't have to say anything lest it's suddenly stipulated as something. And particularly that's the case when there is an intervening change in law before the process is finalized. Because to get back to what I was saying is that in November of 2017, a shocker was issued and then in January of 2018, that's the final decision. Petitioner for the first time raises some specter of retroactivity. That's not relevant, Your Honor. These proceedings were not final until February of 2018 when the immigration judge initially decided and granted the application. There is no retroactivity concept because the proceedings were still ongoing. What the immigration judge failed to do is consider the criminal bar. Ultimately, petitioner's argument ignores Pareto. It ignores that he bears the burden of proof to show that he was not convicted for a restraining order put in place to protect his wife from his repeated violent assaults. He doesn't attempt to even point this court to any record evidence when it was his burden of proof. Again, he repeatedly suggests, why didn't DHS present evidence? Again, why would DHS present evidence when it doesn't have to? As the immigration judge said, in ultimately denying the application in the open proceedings, the record was inconclusive. To the extent there's any confusion on that, the Supreme Court decided Pareto and said, absolutely. The petitioner and the cancellation application bears the burden of proof that he does not have a disqualifying offense. That answers largely many of the questions in this case, whether it be acquiral estoppel, where petitioner has not lost anything to which he is entitled to. It answers the change in law also to the extent it matters whether or not there's a stipulation. But ultimately, again, OBSHACO changed the nature of the analysis. It impacted the burden of proof, and it was something that should have been considered even if DHS ignored the issue completely, because it wasn't required to. And finally, just briefly turn to the motion, the concept that the petitioner, DHS failed to properly serve petitioner. Petitioner's last record of address was in Lake Oswego and that is the address Department of Homeland Security served on petitioner. Petitioner never presented a single fact to suggest that wasn't the attorney of record. Moreover, there's been no prejudice. The Department of Homeland Security sent petitioner's counsel that motion to reconsider an email. Department of Homeland Security, excuse me, the immigration judge allowed petitioner to address it. The immigration judge fully considered it. Ultimately, Your Honor, whether or not there is a stipulation is irrelevant here. OBSHACO changed the law, and the agency did not abuse discretion in reopening based on DHS's timely motion to reconsider. Counsel, what's your response to opposing counsel's observation that there was no change in the law? There was no material change in the law. I think that reflects, Your Honor, that the briefs continued to ignore Diaz-Carrasco. If there was no change in the analytical approach, why then did this court feel obligated in Diaz-Carrasco to conduct a Chevron analysis for OBSHACO and Medina Jimenez, another case that petitioner ignores? The change from a categorical analysis to the circumstance type analysis that the Supreme Court approved of in Nijuan to a quote-unquote conduct-based approach in Diaz-Carrasco changed the law, changed the burdens, it changed how the agency analyzed the process. And that's the fundamental difference that the immigration judge overlooked in granting the cancellation application. Thank you. We ask the court to deny the petition. Thank you, counsel. Botto? Thank you. Counsel, would you please address the point made by your opponent that this is a motion for reconsideration which does not require evidentiary support. It can be made on the basis of simple error of law. It is not a motion to reopen. Right. And I have always contended that in the appropriate circumstances, a motion to reconsider can be based solely on legal argument. If they were able to point to the record and say, here is a piece of evidence... But it doesn't have to be record-based. That's the point. That's the point. It doesn't have to be record-based. It can say the analysis that was applied was legally erroneous. Right. The lack of... Heretofore, the absence of evidence in the record inured to the benefit of the petitioner. And that's no longer the case. Right. So as a legal matter, this case was analyzed incorrectly. It doesn't have to look at the record at all again. Right. But the problem is that's not what Abshako did. Abshako did not change the burden of proof between the respondent and the government. At the time of the individual hearing and when the decision was issued, Young v. Holder was the law which placed the burden on the respondent to prove that they were not criminally ineligible. So that's the error in that. If it were true... But Abshako did broaden the scope of analysis... Right. ...to what could be considered. And that also, you know, changed the rubric of the effect of an ambiguous record. No. Well, it could possibly do that, but not in this case. And that's why I don't think there's a way to make a legal argument that Abshako is material without pointing to evidence of some kind. Because what Abshako does is it expands the evidence that can be considered. Right. And one of the burden when you're filing a motion to reconsider is to show that that case is material. And so the only way I can think of doing it... Well, there are two ways. One is to point to some evidence and say, before that could not be considered by the judge, but now it can and therefore the case is material. I don't agree with that because it can be a different legal analysis regardless of what the burden of proof is. If the immigration judge used an incorrect analysis, this case corrected the analysis, changed the way the analysis should be done, that's material in and of itself as a legal proposition. And so I don't understand why you are arguing that there has to be a tether to evidence in order for it to be material. I don't understand that. I suppose another way could be if the immigration court made its decision based on the analysis that was then overruled. Then you could say the court is material and the immigration court has to engage in this new analysis. Instead, if you look at the court's decision, first of all, the immigration court did list the violation of the restraining order. So the court was very aware of that fact. But not aware but was felt constricted by the legal arena at that point. That's why it's material because the district court listed it but because the categorical approach was more restrictive at that point was not able to, at least in the IJ's mind it appears, was not able to analyze that fully because of the limitations on what could be considered. I don't agree. I would say that the court was relying on the agreement between the parties. Okay, so if the court was allowed to set aside that agreement that it said existed but the, I mean, generally when there's a stipulation, there's a written stipulation signed by the parties or it's made in open court with both parties acknowledging it. So this was not a typical stipulation. And so if the court said there was a stipulation and the parties are not, it was not in writing and one of the parties is disadvantaged so why couldn't the district, why couldn't the court at that point say I'm going to reconsider despite the existence of this pseudo-stipulation? Well, I think in that case the court would have to explain why Abshako is relevant to the analysis of the restraining order in this case and the court never did that. It just said that the record was ambiguous which was true both before and after Abshako. But the problem with, to me, the problem with your argument that if it was ambiguous before there is no way that the government could prevail under the law as it existed at that point. No, that's not my argument. In fact, if the government had not made the stipulation and we had gone forward with the record as it was then Mr. Chacon-Morales would not have been found eligible for cancellation of removal. Right, I agree. I agree. But do you do you challenge the fact that afterwards when other when the ambiguous record does not inure to the benefit of the petitioner he would not he would you're saying he would have lost before and after? That's right, yes. And under matter of OSG you can't use a motion to reconsider to make an argument you could have made previously. I don't know about that. I don't I think the government had a better argument after Chaco was was decided than before. And apparently the IJ thought so too. I wish that IJ had said why Chaco was relevant to its analysis because I can't tell based on the record and the department and the government in this case have never articulated why how in any way of Chaco actually impacts the analysis  and whether it disqualifies Mr. Chacon-Rowles. Okay. Thank you, Your Honor. All right, thank you. Thank you to both counsel. The next case on calendar for argument is
judges: RAWLINSON, BEA, SUNG